JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

FILED
DEC 28 P 2:23

E-filing

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

vs.

CITY OF EAST PALO ALTO, a municipal corporation; RAMI KHOURY, and DOES 1-10

    Defendants.

Case No. C07-06500 HRL

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**
**JURY TRIAL DEMANDED**

ADR

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Santa Clara, California, which is within this judicial district.

## PARTIES

2. Plaintiff, fictitiously named herein as JANE DOE ("DOE"), is readily recognizable as an African-American female and was at all times herein mentioned a citizen of the United States residing in Santa Clara County in California.

3.  Defendant CITY OF EAST PALO ALTO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the CITY operates the East Palo Alto Police Department..

4.  At all times mentioned herein, Defendant Officer RAMI KHOURY ("KHOURY") was employed by Defendant CITY as a police officer. He is being sued individually.

5.  Plaintiff is ignorant of the names of Defendant DOES 1-10. Plaintiff will amend her complaint to state the name of said defendant DOES when their identities are ascertained.

6.  In engaging in the conduct described herein, Defendant KHOURY and/or DOES 1-10 acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

7.  On December 29, 2006, Plaintiff JANE DOE parked her vehicle at a Chevron gas station located at University and Donhoe Avenues in East Palo Alto. While waiting in the parking lot for a friend, Plaintiff DOE observed several East Palo Alto police officers in the process of detaining a man with whom she is acquainted. The man being detained by the officers noticed Plaintiff and made a motion in her direction. Shortly thereafter Defendant Officer KHOURY crossed the street and approached Plaintiff.

8  Defendant Officer KHOURY told Plaintiff he had information that Plaintiff possessed rock cocaine in her bra. Defendant Officer KHOURY then ordered Plaintiff to lift her bra and shake her breasts. Plaintiff complied with the officer's demands after he held a jacket up to cover the side-view of Plaintiff's breasts. Plaintiff possessed no contraband and no contraband was found.

9  The humiliating public strip search of Plaintiff occurred on the island of the Chevron gas station near the air and water hoses. Plaintiff was not handcuffed and she was never arrested.

10. Plaintiff exposed her breasts to Defendant Officer KHOURY, in public, only because Defendant Officer KHOURY, who was in full police uniform, ordered her to do so. Defendant

Officer KHOURY then asked Plaintiff why someone would tell him that she sold drugs out of her bra. Plaintiff could not answer the question, because she did not possess and did not sell drugs. The strip search of Plaintiff occurred on the island of the gas station, approximately ten feet from the gas pumps, and was visible to onlookers.

11. Plaintiff alleges, on information and belief, that defendant officer KHOURY had insufficient information, and no particularized facts, to support his stop, detention, and search of Plaintiff.

12. The detention and search of Plaintiff described herein was done without any just provocation or cause, proximately causing Plaintiff injuries and resulting damages.

13. Plaintiff alleges on information and belief that Defendant Officer KHOURY performed the intrusive public strip-search without probable or reasonable cause.

## DAMAGES

14. As a proximate result of Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of her sense of security, dignity, and pride as a United States citizen.

15. Plaintiff was illegally strip- searched in public by Defendant Officer KHOURY without any just provocation or probable cause.

16. The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers.

17. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law. Plaintiff is therefore entitled to an award of all attorneyS' fees incurred in relation to this action for violation of her civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants CITY, KHOURY and DOES 1-25)

18. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, Defendants CITY, KHOURY, and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

20. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $500,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988, and;
5. For such other and further relief as the Court deems just and proper.

Dated: December 4, 2007

The Law Offices of John L. Burris

_____
John L. Burris, Esq.
Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 4