JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR #: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
CITY OF EAST PALO ALTO and OFFICER RAMI KHOURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, a Municipal corporation; RAMI KHOURY; and DOES 1 - 10,<br><br>　　　　　Defendants. | CASE NO.: C07-06500 HRL<br><br>**DEFENDANT CITY OF EAST PALO ALTO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint filed: 12/28/07 |

COME NOW DEFENDANT, CITY OF EAST PALO ALTO hereinafter "Defendant", in response to plaintiffs' Complaint, admit, deny and allege as follows:

1.　Answering paragraph 1 of the Complaint, defendant denies that any of the events occurred in Santa Clara County. Except as expressly admitted or denied, defendant lacks sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically each and every allegation contained therein.

2.　Answering paragraph 2 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically each and every allegation contained therein

3.　Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Defendant admits that Rami Khoury was employed by the East Palo Alto Police Department as a police officer.

5. Answering paragraph 5 of the Complaint, Defendants lack sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically the allegations contained therein.

6. Answering paragraph 6 of the Complaint, Defendant lack sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically the allegations contained therein.

7. Answering paragraph 7 of the Complaint, Defendant lack sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Defendant admits that Officer Khoury had information leading him to believe that plaintiff was concealing rock cocaine. Defendant admits that no contraband was found. Except as expressly admitted, Defendant specifically denies all other allegations.

9. Answering paragraph 9 of the Complaint, Defendant specifically denies that plaintiff was strip searched. Defendant admits that plaintiff was not arrested. Except as expressly admitted, Defendant specifically denies all other allegations.

10. Answering paragraph 10 of the Complaint, Defendant specifically denies the allegations.

11. Answering paragraph 11 of the Complaint, Defendant specifically denies the allegations.

12. Answering paragraph 12 of the Complaint, Defendant specifically denies the allegations.

13. Answering paragraph 13 of the Complaint, Defendant specifically denies the allegations.

14. Answering paragraph 14 of the Complaint, Defendant lacks sufficient information and

belief upon which to base an answer, and, for that reason, deny generally and specifically the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Defendant specifically denies the allegations.

16. Answering paragraph 16 of the Complaint, Defendant specifically denies the allegations.

17. Answering paragraph 17 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and, for that reason, deny generally and specifically the allegations contained therein.

18. Answering paragraph 18 of the Complaint, paragraph 18 is an incorporation of preceding paragraphs and therefore does not require a response.

19. Answering paragraph 19 of the Complaint, Defendant specifically denies the allegations.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSES**

AS A FIRST AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that said Complaint fails to state a claim upon which relief can be granted.

AS A SECOND AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that the injuries and damages Plaintiffs complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of these answering Defendants.

AS A THIRD AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that their actions were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

AS A FOURTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that their acts were privileged under applicable

statutes and case law.

AS A FIFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that plaintiffs have failed to allege and/or have not stated facts sufficient to show an affirmative link between defendants and the acts which allegedly violated Plaintiffs' rights.

AS A SIXTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that Plaintiffs failed to mitigate their damages, if any.

AS A SEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that plaintiffs' Complaint is barred by the applicable Statute of Limitations.

AS AN EIGHTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that the Complaint is barred by the equitable doctrine of laches.

AS A NINTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that the Complaint is barred by the equitable doctrine of unclean hands.

AS A TENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that the Complaint is barred by the equitable doctrine of estoppel.

AS AN ELEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that plaintiffs have waived their rights to bring this action against them.

AS A TWELFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that Plaintiffs at all times had actual and/or constructive knowledge of the circumstances upon which plaintiffs' Complaint is based. Plaintiffs expressly accepted those circumstances and thereby ratified the conduct of which Plaintiffs complain.

AS A THIRTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause

of action thereof, these answering defendants allege that the Complained of conduct is privileged under California Civil Code §47 and applicable case law.

AS A FOURTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that any damages sustained by plaintiffs were either fully or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities, other than these answering defendants, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by these answering defendants.

AS A FIFTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that plaintiffs were themselves careless and negligent in and about the matters alleged in the Complaint and that said carelessness and negligence on plaintiffs' own part proximately contributed to plaintiffs' loss and damage, if any there were. Under the doctrine of Li v. Yellow Cab (1975) 532 P.2d 1226, 119 Cal.Rptr. 858, plaintiffs' contributory negligence shall reduce any and all damages sustained by said plaintiffs.

AS A SIXTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants allege that plaintiffs were actively negligent in and about the matters alleged in the Complaint and are thereby barred from any recovery.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, these answering defendants are informed and believe and thereon allege that plaintiffs, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of and the damages, if any, resulting therefrom.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE to the Complaint, defendants are informed and believe and thereon allege that defendants are immune, and their the conduct privileged under California Government Code §800 et. seq., including, but not limited to Sections 815, 820.2, 820.4, 820.6 and 844.6.

AS A NINETEENTH AFFIRMATIVE DEFENSE to the Complaint, defendants are informed

and believe and thereon allege that defendants' conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, thus punitive damages are not award-able against defendants.

AS A TWENTIETH AFFIRMATIVE DEFENSE to the Complaint, defendants are informed and believe and thereon allege that defendants are entitled to a qualified immunity because defendants did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE to the Complaint, defendants are informed and believe and thereon allege that defendant CITY OF EAST PALO ALTO, a public entity, did not commit a constitutional violation against plaintiffs, caused by a policy, custom, or practice.

AS A TWENTY-SECOND AFFIRMATIVE DEFENSE to the Complaint, defendants are informed and believe and thereon allege that defendant TONEY CANTY, a public employee, is not liable for any alleged injuries sustained by plaintiffs, as his alleged acts or omissions were committed in the execution or enforcement of the law, while exercising due care. (California Government Code §820.4)

AS A TWENTY-THIRD AFFIRMATIVE DEFENSE to the Complaint, defendants are informed and believe and thereon allege that plaintiffs failed to exhaust their administrative remedies including, but not limited to, those pursuant to Government Code §900 through §935, et seq.

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREOF this answering defendant alleges that plaintiff failed to file a claim pursuant to the California Tort Claims Act.

///
///
///
///
///
///

WHEREFORE, these answering defendants pray that plaintiffs take nothing from these defendants by way of their Complaint, for attorneys fees and costs of suit incurred herein, and for such other and further relief as the court deems just and proper. These answering defendants request a jury trial.

DATED: February 11, 2008

CLAPP, MORONEY, BELLAGAMBA
and VUCINICH

By: _____
JEFFREY M. VUCINICH
PATRICK R. CO
Attorney for Defendants
CITY OF EAST PALO ALTO and
RAMI KHOURY

### *JANE DOE v. CITY OF EAST PALO ALTO, et al.*
United States District Court, Northern District of California Case No. C07-06500 HRL

### PROOF OF SERVICE

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

### DEFENDANT CITY OF EAST PALO ALTO'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

on the parties in this action by transmitting a true copy of the foregoing document(s) in the following manner:

| | |
|---|---|
| John L. Burris, Esq.<br>Benjamin Nisenbaum, Esq.<br>Law Offices of John L Burris<br>Airport Corporate Centre<br>7677 Oakport Street, Suite 1120<br>Oakland, CA 94621<br>Tel: (510) 839-5200<br>Fax: (510) 839-3882<br>e-mail: john.burris@johnburrislaw.com<br>e-mail: bnisenbuam@gmail.com<br>*Attys for Plaintiff JANE DOE* | |

☐ (BY UNITED STATED MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the address listed above and (specify one).

(1) ☐ deposited the seal envelope with the United States Postal Service, with the postage fully pre-paid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ (BY PERSONAL SERVICE) I personally delivered the documents to the persons at the addresses as set forth above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) for a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ (BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers set forth above. No error was reported by the fax machine that I used. A copy of the record of transmission, which I printed out, is attached.

☐ (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons set forth above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

| | | |
|---|---|---|
| 1 | [X] | (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addressed as noted above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

**SEE E-MAIL ADDRESS LOCATED ABOVE**

[ ]   (BY MESSENGER SERVICE)  I served the documents by placing then in an envelope or package addressed to the persons at the addresses as noted above and providing them to a professional messenger service for service.  *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

Executed on February 11, 2008 at San Bruno, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Claudia Gomez

G:\Data\DOCS\0160\03928\POS.wpd