JEFFREY M. VUCINICH, ESQ. BAR#: 67906
PATRICK R. CO, ESQ. BAR #: 200160
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
1111 Bayhill Drive, Suite 300
San Bruno, CA  94066
(650) 989-5400  (650) 989-5499 FAX
Attorneys for Defendants CITY OF EAST PALO ALTO and OFFICER RAMI KHOURY

JOHN L. BURRIS, ESQ.
BENJAMIN NISENBAUM, ESQ.
LAW OFFICES OF JOHN L BURRIS
Airport Corporate Centre
7677 Oakport Street
Oakland, CA 94621
(510) 839-5200   (510) 839-3882 FAX
Attorneys for Plaintiff KARIN WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO, a Municipal corporation; RAMI KHOURY; and DOES 1 - 10,<br><br>   Defendants. | CASE NO.:  C07-06500 HRL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   April 15, 2008<br>Time:   10:00 a.m.<br>Courtroom: 2, 5th Floor<br>Magistrate Judge Howard R. Lloyd |

Pursuant to Civil L.R. 16-9, the parties to the above captioned action, through their respective counsel of record, hereby provide the court with the following Case Management Statement, and respectfully request that the court adopt it as the Case Management Order for this matter.

**CASE MANAGEMENT CONFERENCE**

1.  Subject Matter and Personal Jurisdiction

Plaintiff's complaint is brought under Title 42 U.S.C. §1983.  Subject matter jurisdiction is asserted under 28 U.S.C. §§1331 and 1343.

Defendant City of East Palo Alto has answered the Complaint.

Defendant Rami Khoury has answered the Complaint.

2.  Brief Description of Events Underlying Action, Claims and Defenses

Plaintiff Jane Doe, an African-American female filed the complaint alleging causes of action for: Violation of Plaintiff's Civil Rights under 42 U.S.C. 1983, alleging unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

3.  Legal Issues

Plaintiff's Contentions

Plaintiff contends that on December 29, 2006, on the island of a Chevron Gas station, on University and Donohoe Avenues in East Palo Alto, Officer Rami Khoury unreasonably detained plaintiff Jane Doe, and unreasonably required her to lift her shirt up, in public, and shake her breasts, resulting in one breast coming out of Plaintiff's bra, in order to allegedly perform a search for drugs. No contraband was located and Plaintiff was not arrested or cited.

Defendant's Contentions

Officer Rami Khoury denies plaintiff's contentions. Officer Khoury denies that he asked plaintiff to lift her shirt or bra, and denies that the detention was unreasonable, and denies that the search conducted was unreasonable. Officer Khoury contends that he did not violate plaintiff's civil rights.

4.  Motions

There are no pending motions.

5.  Amendment of Pleadings

The parties do not anticipate amending the pleadings at this time.

6.  The parties have complied with evidence preservation.

7.  Disclosures

The parties have made the following initial disclosures required by Fed.R. Civ. Pro. 26(a)(1).

Plaintiff's Disclosures

Plaintiff will make her disclosure prior to the initial case management conference.

Defendant's Disclosures

Defendants will make initial disclosures before the case management conference.

8.  Discovery

There has been no discovery taken at this time.

  Plaintiff's anticipate the following discovery:

  Plaintiffs will depose Defendant Officer Khoury, after written discovery is responded to by the Defendants. Written discovery will include Requests for Production of documents concerning the subject-incident, Defendant Officer Khoury's background and prior complaints pursuant to *Soto, Miller*, and *Kelly*, and may also include interrogatories and requests for admissions.

  Defendants' anticipate the following discovery:

  Plaintiff's deposition

  Interrogatories

  Requests for Admissions

Request for Production of Documents

Depositions of any of plaintiff's disclosed witnesses

9. <u>Class Actions</u>

  No class action is contemplated.

10. <u>Related Cases</u>

  There are no related cases.

11. <u>Relief Prayed</u>

  Plaintiff seeks general damages in the amount of $500,000.00, special damages according to proof, punitive damages according to proof, and reasonable attorneys fees pursuant to 42 U.S.C. §1988.

12. <u>Settlement and ADR</u>

  The parties have not discussed settlement or ADR. Defendants anticipate having to take plaintiff's deposition, and conduct written discovery before considering a mediation.

  Plaintiff requests mediation or referall to a magistrate judge for a settlement conference, with ADR completion set out 120 days from the Case Management Conference.

13.  The parties have consented to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>

  The case is not suitable for reference to binding arbitration, a special master, or the judicial

panel on multi-district litigation.

15. <u>Narrowing of issues</u>

Defendants will request bifurcation of trial on the issue of punitive damages.

16. <u>Expedited Schedule</u>

This case is not suitable for an expedited schedule.

17. <u>Scheduling</u>

The parties propose the following schedule:

a. Regular Discovery Cut-Off:   November  15, 2008

b. Hearing of Dispositive Motions: February 15, 2009

c. Designation of Expert Witnesses: January 15, 2009

d. Expert Discovery Cut-Off: March 15, 2009

Pre-Trial Conference: May    1, 2009

Trial:  May 15, 2009

18. <u>Trial</u>

Both parties have demand a jury trial.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

None.


Dated: April 10, 2008                         **/S/**
                                  Law Offices of John L. Burris
                                  Benjamin Nisenbaum, Esq.
                                  Attorney for Plaintiff Jane Doe




Dated: April 10, 2008                         **/S/**
                                  Clapp, Moroney, Bellagamba and Vucinich
                                  Jeffrey M. Vucinich, Esq.
                                  Patrick R. Co, Esq.
                                  Attorneys for Defendants
                                  City of East Palo Alto and Rami Khoury

///

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the court orders:

a. The parties will be referred to _____;

b. A further case management conference will be scheduled for _____.

c. The parties shall make supplemental disclosures on or before _____, and as otherwise required by law;

d. The court will not specially set any motion at this time;

e. No special limitations shall be imposed on disclosure or discovery at this time;

f. Expert disclosures and opinions shall be exchanged on or before _____.

g. The deadline to complete factual and expert discovery shall be _____.

h. The deadline for counsel to meet and confer regarding pretrial submissions shall be _____.

i. The deadline for hearing motions on the merits of the case shall be _____.

j. Pretrial material shall be submitted on or before _____.

k. the pretrial conference shall be on _____.

l. The trial shall be set for _____

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES COURT JUDGE