*E-filed 12/18/08

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF EAST PALO ALTO, RAMI KHOURY, and DOES 1- 10,<br><br>        Defendants | Case No. C07-6500-HRL<br><br>**ORDER GRANTING PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING DOE DEFENDANTS** |

    Plaintiff Jane Doe[1] brings this 42 U.S.C §1983 "civil rights" action against Officer Rami Khoury and the City of East Palo Alto. Allegedly, she was forced to submit to a public strip search, in violation of her Fourth Amendment rights. Following the depositions of plaintiff and Officer Khoury, defendants moved for summary judgment.

    The court held a hearing on December 16, 2008. Having considered the moving papers and the arguments of counsel, the court now GRANTS defendants' motion in part and DENIES it in part.

---

[1] Plaintiff never sought leave of the court to proceed as a Doe. A plaintiff's use of a fictitious name is disfavored because it "runs afoul of the public's common law right of access to judicial proceedings." *Does I-XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The court raised the issue with plaintiff's counsel at the hearing, and he agreed to seek permission to so proceed. Plaintiff must file her application not later than January 7, 2009.
    On a related note, plaintiff's counsel agreed to dismiss the Doe defendants at the hearing. The court now DISMISSES the Doe defendants.

## BACKGROUND

Plaintiff and Officer Khoury have different recollections of the encounter in question. According to her, she was standing behind her parked car at a Chevron gas station, waiting for a friend to arrive. While waiting, she observed police across the street handcuffing an acquaintance of hers, Mr. Williams. Defendant Khoury was on the scene, apparently acting as "cover" for the arrest. At some point, Khoury drove quickly across the street and pulled his police car up to the rear of her car, right where she was standing. He summoned her to him and said he believed that she was selling crack cocaine out of her bra. Khoury then told her to lift her bra. She was shocked and replied, "you're kidding." After he assured her he was not kidding, he again told her to "lift it." Doe lifted one side of her bra, causing her breast to be exposed. Khoury told her to put it back, then to lift the other side. She did, and the other breast was exposed. Khoury was holding her jacket by the lapels during the encounter to partially shield her from view. Once she lowered her shirt, Khoury asked if she had anything in her pockets, and if he could search them. She told him to "go ahead." He searched her jacket pockets, found no drugs, and let her go.

Khoury, on the other hand, says he does not remember whether he walked or drove across the street. He recalls smiling at Doe, and her smiling back. Once there, he asked if he could talk to her. She consented. He then informed her that someone (a reliable informant, he tells us) had told him she was selling drugs, and asked whether she had any on her. Doe indicated that she did not, and Khoury then asked if it was okay for him to check. Plaintiff consented and handed him her jackets. Khoury went through the jackets and did not find any drugs. He then asked her to grab her shirt from the bottom and shake it. Doe complied, nothing came out, and both parties went on their own way.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of fact is

one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248-49.

The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See* FED. R. CIV. P. 56(e); *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. *See id.*

ANALYSIS

Defendants claim that the encounter was consensual, and did not rise to the level of detention within the meaning of the Fourth Amendment. Further, defendants contend that Doe's consent to the search was freely given, and that her consent entitles the defendants to summary judgment. In addition, Khoury claims he is entitled to summary judgment on account of qualified immunity. Finally, the City of East Palo Alto seeks summary judgment on plaintiff's *Monell* claim.

However, as illustrated by the differing versions of events recounted above, there are material factual issues in dispute. The court cannot ascertain whether, for example, Khoury walked over to Doe, smiling (his version), or whether his police car "flew" across the street, and was parked in a manner that boxed Doe in between her rear bumper and the police car (her version). Was she free to walk away, or was she detained? Just how

1  "consensual" was her supposed "consent" to the search? Which "search" took place? The
2  jury will need to assess the credibility of the two witnesses, and decide whose version of
3  events to believe. Although defendants make much of Doe's deposition testimony that she
4  did not refuse to be searched, even though she knew she could refuse, her testimony is not
5  determinative. Basically, defendants rely on Khoury's version of the facts and then plug in
6  selected passages from plaintiff's deposition testimony. However, under the totality of the
7  circumstances, a reasonable jury could draw different inferences than defendants have
8  drawn from her statements. Probably, Doe's deposition testimony will be useful to
9  defendants at trial. It does not, however, entitle Khoury to summary judgment on her 1983
10 claim.

11  Khoury asserts that he is entitled to summary judgment granting him qualified
12 immunity. Officials are entitled to qualified immunity if their conduct is objectively
13 reasonable "as measured by reference to clearly established law." *Davis v. Scherer*, 468
14 U.S. 183, 191 (1984)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). Khoury is
15 entitled to summary judgment based on qualified immunity if he can show that a
16 reasonable officer could have believed his search of Doe was constitutional, even if it was
17 not. *Vaughan v. Ricketts*, 859 F.2d 736, 739 (9th Cir.1988); s*ee Anderson v. Creighton*, 483
18 U.S. 635 (1987). Here, the court cannot find as a matter of law that a reasonable officer
19 would believe that Doe's version of the search was constitutional. On the other hand, a
20 reasonable officer could believe that Khoury's version of the search was constitutional.
21 Because there is a genuine issue of material fact as to whose version of the search is to be
22 believed, the court cannot grant Khoury summary judgment on his claim of qualified
23 immunity. Khoury's motion for summary judgment is DENIED.
24 //
25 //
26 //
27 //
28

4

Finally, in response to the court's question to state the evidence supporting a *Monell* claim against the City, plaintiff"s attorney replied that the City could be "dismissed." The court treats that statement as an acknowledgment of no evidence sufficient to support such a claim, and GRANTS summary judgment in favor of the City of East Palo Alto.

**IT IS SO ORDERED.**

Dated:   12/18/08



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1 | **\*Notice will be sent to counsel of record registered for E-filing. Counsel are responsible for providing copies to co-counsel who have not registered.**